UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAM LOPEZ**, individually,

                **Plaintiff,**

v.

**174 BEDFORD AVENUE BAR LLC d/b/a THE CHARLESTON**, a New York for profit corporation, and **351 EAST 18TH STREET REALTY CORP.**, a New York for profit corporation,

                **Defendants.**
_____

Case No. _____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, SAM LOPEZ, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendants 174 BEDFORD AVENUE BAR LLC d/b/a THE CHARLESTON and 351 EAST 18TH STREET REALTY CORP. for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Florida Accessibility Code.

1

## I. Jurisdiction

1. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (hereinafter "ADA"). *See* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff SAM LOPEZ is an individual with a disability as defined by the ADA.

3. Plaintiff SAM LOPEZ is seeking injunctive relief pursuant to the ADA.

4. Plaintiff SAM LOPEZ is also seeking to recover attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

5. The violative property is located in Kings County, New York at 174 Bedford Avenue, Brooklyn (hereinafter "Property"). Defendant 351 EAST 18TH STREET REALTY CORP. is the documented owner/landlord of the property.

6. The Property is being operated as a food service establishment thus qualifying as a "place of public accommodation (*see* 28 CFR 36.201(a))."

7. Defendant 174 BEDFORD AVENUE BAR LLC d/b/a THE CHARLESTON (hereinafter "THE CHARLESTON") is the tenant on the Property operating this food service establishment.

8. Venue properly lies in the Eastern District of New York, which is the federal judicial district in which the property is located and on which the violative establishment is conducting business.

## II. ADA Ensures Reasonable Access For Individuals with Disabilities

9. Notice prior to initiating suit is not mandated by the ADA.

10. All conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing since January 26, 1992 (or January 26, 1993).

11. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

12. The ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that operators of "commercial establishments" are responsible complying with these federal Accessibility Standards.

## III. Defendants' Violations of ADA Accessibility Standards:

13. Defendant has and is continuing to violate the Accessibility Standards by failing to provide accessible facilities since January 26, 1992 (or, alternatively, January 26, 2993).

14. These violations infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

15. When Plaintiff LOPEZ was visiting THE CHARLESTON he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals.

16. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at THE CHARLESTON equal to those afforded to other individuals.

17. Defendant, therefore, is discriminating against Plaintiff and other similarly situated disabled individuals.

18. As a result of Defendants' ADA non-compliance, Plaintiff LOPEZ is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public.

19. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV. Plaintiff LOPEZ Qualifies As An Individual with a Disability Under the ADA

20. Plaintiff LOPEZ is a paraplegic who has been permanently confined to a wheelchair since the age of ten.

21. His disability is the result of a childhood accident, which left him with a broken back and ultimately resulted in a bilateral hip disarticulation leaving him unable to ever walk again.

22. Plaintiff LOPEZ presently resides in Brooklyn, New York. His sister lives nearby and practices law here in Brooklyn, New York.

23. Plaintiff LOPEZ is originally from Puerto Rico where his family still resides.

24. He was brought over to the United States by Shriner International two (2) years after his accident to provide him with medical assistance at no cost to his family.

25. Plaintiff LOPEZ is a forty-eight (48) year-old man.

26. Plaintiff LOPEZ travels to many places locally using only his wheelchair.

27. However, Plaintiff LOPEZ may also commute using the MTA/New York City Transit Bus System.

28. Plaintiff LOPEZ finds it is often difficult to travel using the subway due to the limited number of stops providing wheelchair access, but where the stations are properly equipped for individuals with disabilities it can be the fastest route.

## IV.     Inspection of THE CHARLESTON Establishes ADA Non-compliance

29. The present violations at Defendants' facility threaten Plaintiff's safety.

30. An inspection of THE CHARLESTON reveals the following architectural barriers to access precluding Plaintiff, as an individual who is confined to a wheelchair, from reason able accessing the goods and services offered to able-bodied persons:

   a. inaccessible path of travel leading to entrance as existing step at path of travel leading to entrance acts as a barrier to accessibility without required ramp;

   b. inaccessible entrance door as existing rise in floor level at threshold of entrance door acts as a barrier to accessibility without required ramp;

   c. required minimum maneuvering clearance not provided at entrance door;

   d. inaccessible path of travel leading to dining area as elevated platform at dining area acts as a barrier to accessibility without required ramp;

   e. inaccessible dining tables as required minimum clear floor space allowing a forward approach not provided at dining tables;

   f. required minimum knee and toe clearance not provided at dining tables;

g. percentage of existing dining tables required to be accessible not provided;

h. inaccessible bar as height of bar exceeds maximum height allowance;

i. required minimum knee and toe clearance not provided at bar;

j. portion of bar required to be accessible not provided;

k. compliant signage identifying the restroom not provided as required;

l. non-compliant door knob at restroom door requires twisting of the wrist;

m. inaccessible door lock at restroom door as height of door lock at restroom door exceeds maximum height allowance;

n. insulation of pipes under lavatory not provided as required;

o. inaccessible mirror located above lavatory as mounted height of mirror exceeds maximum height allowance;

p. inaccessible water closet as required minimum clear floor space not provided;

q. non-compliant distance of water closet from side wall;

r. non-compliant length of existing grab bar at rear wall of water closet does not meet minimum length requirement;

s. inaccessible toilet paper dispenser as distance toilet paper dispenser from water closet is non-compliant;

    t.    failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

31. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

## V. Returning to THE CHARLESTON Before All Violations Are Remedied May Threaten Plaintiff LOPEZ's Physical Safety

32. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist.

33. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

34. Plaintiff plans on returning to THE CHARLESTON to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

35. However, Plaintiff may require assistance from an able-bodied individual upon returning to ensure his physical safety is not needlessly threated by Defendants' ongoing non-compliance.

## VI. CLAIMS

### A. Declaration of ADA Violations by Defendant THE CHARLESTON

36. When Plaintiff LOPEZ visited THE CHARLESTON, located on Defendant __'s Property, he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 30.

37. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

38. Defendants have denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

39. As a result of Defendants being in continuous violation of Title III of the ADA Plaintiff LOPEZ has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

40. A declaration that Defendants were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants compliance with the law.

41. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendants hava effectively denied Plaintiff, as an individual with a disability, reasonable

access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

### B. ADA Violations Requiring Injunctive Relief

42. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth specifically herein.

43. THE CHARLESTON is being operated as a place of public accommodation in violation of ADA.

44. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendants' establishment as a result of the ADA violations set forth herein in paragraph 30 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

45. Defendant continues to discriminate against Plaintiff and those similarly situated by operating THE CHARLESTON and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

46. Modifications in Defendant THE CHARLESTON's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

47. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

48. Plaintiff is suffering true and actual harm by Defendant THE CHARLESTON operating a place of public accommodation. Defendants' discriminatory practices create the potential for and/or cause Plaintiff physical harm and contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

49. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

50. Plaintiff is without any adequate remedy and law.

51. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendants' compliance with the Accessibility Standards.

52. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendants' ADA violations, including but not limited to

issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## C. Property Owners Liability Pursuant to the ADA

53. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth specifically herein.

54. Defendant PALATIAL COMPANY, LLC is the documented owner of the Property on which Defendant THE CHARLESTON is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

55. Individuals confined to wheelchairs, including Plaintiff LOPEZ have been denied access to and the benefits of services, programs and activities at the Defendants' Property as a result of the ADA violations set forth herein in paragraph 30. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

56. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

57. The structural impediments set forth in paragraph 30 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

58. By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

59. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

60. Plaintiff is without any adequate remedy and law.

61. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendants' compliance with the Accessibility Standards.

62. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    d. Injunctive relief against Defendant;

    e. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    f. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on September 24, 2015.

By: **/s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009